UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HORNBECK OFFSHORE OPERATORS, LLC,** | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:24-CV-00056 |
| **BENTHIC LTD., A WHOLLY OWNED SUBSIDIARY OF ACTEON GROUP LIMITED** | § § § § | IN ADMIRALTY |
| *Defendant.* | § § § | |

### DEFENDANT BENTHIC LTD.'S MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes Defendant Benthic Ltd. to respectfully request that the Court dismiss Plaintiff Hornbeck Offshore Operators, LLC's ("Hornbeck") Complaint for insufficient process, insufficient service of process, and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). In support of its motion, Defendant would show the Court the following:

### I.   INTRODUCTION

Benthic Ltd., a foreign company that is organized and existing under the laws of England & Wales, with its principal place of business in England, has been sued by Hornbeck, a Delaware limited liability company with its principal place of business in Covington, Louisiana, for breach of a purported contract under which

none of the performance would have occurred within this Court's jurisdiction. Dkt. No. 1. The only claimed connection to this forum is the fact that the person negotiating the contract on behalf of Benthic Ltd. was communicating from Houston, Texas. This lawsuit must be dismissed for lack of personal jurisdiction over Benthic Ltd. pursuant to Federal Rule of Civil Procedure 12(b)(2) because Benthic Ltd. lacks the requisite minimum contacts with the forum to establish this Court's general or specific personal jurisdiction.

Likewise, Hornbeck's Complaint must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) because the summons and service thereof was defective. The summons presented for issuance and obtained by Hornbeck was defective because it incorrectly identified the registered agent for Benthic USA, LLC—a separate and distinct entity from Benthic Ltd.—as the person to be served. Dkt. No. 2. Benthic Ltd. does not have a registered agent for service located in the United States. Hornbeck unsuccessfully attempted service on Benthic Ltd. through the misidentified registered agent. Therefore, Hornbeck has yet to properly effect service of process on Benthic Ltd.

## II.  FACTUAL BACKGROUND

This lawsuit arises out of negotiations between Benthic Ltd. and Hornbeck for the potential time charter of a Hornbeck vessel to be delivered in Port Fourchon, Louisiana, that would have been utilized to assist Benthic Ltd. in performing

offshore seismic and geophysical services off the coast of Guyana, South America. Benthic Ltd. is a foreign company that is organized and existing under the laws of England & Wales, with its principal place of business in Norwich, England. *See* Declaration of Jonathan Watt ("Watt Dec.") at ¶ 3. Hornbeck is a Delaware limited liability company with its principal place of business in Covington, Louisiana. Dkt. No. 1 at ¶ 4.

The purported contract at issue was primarily negotiated by Justin Carpenter, an employee of Benthic USA, LLC, from his Houston, Texas office. Benthic USA, LLC is a separate and distinct entity from Benthic Ltd. Watt Dec. at ¶ 2. Though no contract between the parties was ever executed, Hornbeck alleges that the contract negotiations between Mr. Carpenter and Mr. Dennis formed a fixture at the end of August 2023 and that Benthic Ltd. is in breach of contract due to its repudiation of the fixture. *Id.* at ¶ 26–31.

On January 5, 2024, Hornbeck filed suit against Benthic Ltd. alleging breach of contract, bad faith breach of contract, detrimental reliance, and unjust enrichment. Dkt. No. 1. The Complaint alleges that the contract at issue was negotiated through individuals working out of Benthic Ltd.'s Houston office and that "Benthic's registered agent for service of process is likewise located out of that Houston office." *Id.* at ¶ 3. Benthic Ltd., however, neither has an office nor a registered agent in Houston, Texas. Watt Dec. at ¶ 3.

On January 8, 2024, Hornbeck requested that the summons be issued to "Benthic, Ltd., through its registered agent, Violet Simmons . . . ." Dkt. No. 2. The person identified on the summons, Ms. Simmons, was not the registered agent for Benthic Ltd., but rather is listed on the Texas Secretary of State's website as the registered agent for Benthic USA, LLC.[1] The summons was issued by the Clerk of Court as requested on January 9, 2024, and Hornbeck attempted to serve Ms. Simmons at the Houston address of Benthic USA, LLC. Ms. Simmons, however, was no longer employed by Benthic USA, LLC on day of purported service. Watt Dec. at ¶ 5, Exhibit A. Therefore, the summons was left with another employee of Benthic USA, LLC, who was not identified on the summons and is not the registered agent for Benthic Ltd. Watt Dec. at ¶ 6–7.

As discussed in more detail below, the Complaint must be dismissed due to defective process, insufficient service, and lack of personal jurisdiction.

### III.   ARGUMENT & AUTHORITIES

**A. Plaintiff Misidentified the Registered Agent for Benthic Ltd. and All Claims Should Be Dismissed for Insufficiency of Process and Service of Process.**

Hornbeck's summons is improper because it lists the registered agent for Benthic USA, LLC, a different entity than the Defendant, and service of process was

---

[1] Benthic USA, LLC is a foreign limited liability company incorporated in Delaware and registered to do business in the state of Texas.

purportedly effected on an employee of Benthic USA, LLC, not on any registered agent for Benthic Ltd. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Rule 12(b)(4) of the Federal Rules of Civil Procedure is the proper challenge when it is alleged that the summons and complaint do not properly name the party on whom the summons and complaint is served. *See Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013). Federal Rule of Civil Procedure 4(a) states the requirements for a proper summons and avers that it be directed to the defendant. Fed. R. Civ. Pro. 4(a)(1)(B). Likewise, Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a party to file a motion to dismiss for insufficient service of process. "This rule is the proper challenge when the wrong party is served with a summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008).

Normally, a plaintiff meets the burden of establishing proper service by producing the process server's return of service. *See O'Brien v. R.J. O'Brien & Assoc. Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). If there is not a defect in the process server's return of service, the defendant shall produce admissible evidence establishing the lack of proper service. *Id.* Upon determining that process was not properly served on a defendant, the court can either dismiss plaintiff's complaint or

quash service of process. *See, e.g.*, *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).

Hornbeck's summons was improper because it was issued to "Benthic, Ltd., through its registered agent, Violet Simmons . . . ." Dkt. No. 2. Benthic Ltd., however, does not have a registered agent in Texas. Watt Dec. at ¶ 3. The Texas Secretary of State's website identified Violet Simmons as the registered agent for Benthic USA, LLC, a different entity than Benthic Ltd. Watt Dec. at ¶ 5, Exhibit A. On the day of purported service, Ms. Simmons was no longer an employee of Benthic USA, LLC; therefore, service of process was purportedly accomplished by leaving the summons with an individual who was not listed on the summons, was not the registered agent for Benthic USA, LLC, and most importantly, was not the registered agent for Benthic Ltd.—the Defendant. Watt Dec. at ¶ 5–7.

Hornbeck's failure to properly name Benthic Ltd. and its registered agent on the summons and failure to properly serve Benthic Ltd. means that Hornbeck has yet to properly effect service on Benthic Ltd. Accordingly, Benthic Ltd. requests that Hornbeck's Complaint be dismissed for insufficient process and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5).

### B. Neither Specific nor General Personal Jurisdiction Exists Over Benthic Ltd.

"When a defendant files a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of

demonstrating that the court has personal jurisdiction over the defendant." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 671 (S.D. Tex 2014) (citing *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)). To establish jurisdiction, a plaintiff must "demonstrate that (1) the defendant purposely availed himself of the benefits and protections of the forum state by establishing that the defendant had minimum contacts with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Evergreen*, 68 F. Supp. 3d at 673 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). "The minimum contacts requirement can be established through contacts sufficient to assert either specific or general jurisdiction." *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000); *see Evergreen*, 68 F. Supp. 3d at 673. Hornbeck's Complaint does not specify which type of jurisdiction this Court has over Benthic Ltd., so both general and specific jurisdiction are addressed below. Dkt. No. 1, at ¶ 2–3.

**1. Benthic Ltd. is not "at home" within the Court's jurisdiction.**

A court may only exercise general jurisdiction when a defendant "has continuous and systematic general business contacts with the forum state." *Evergreen*, 68 F. Supp. 3d at 673–74. General jurisdiction provides the court personal jurisdiction over any "action brought against the defendant regardless of whether the action is related to the forum contacts." *Id.* Because general jurisdiction

allows a court to hear any and all claims against a defendant, it may only be asserted "over foreign (sister-state or foreign-country) corporations when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For a corporation, the paradigm forum for the exercise of general jurisdiction is the place of incorporation and principal place of business. *Goodyear*, 564 U.S. at 924.

Benthic Ltd. is not at home in this Court's jurisdiction. It is a foreign company, organized and existing under the laws of England & Wales, with its principal place of business in Norwich, England. Watt Dec. at ¶ 3; Dkt. No. 1, at ¶ 5. As such, this Court cannot exercise general jurisdiction over Benthic Ltd. because neither its place of incorporation nor its principal place of business are within Texas.

**2. There are no grounds to establish specific jurisdiction.**

A court can exercise specific personal jurisdiction over a defendant if the party has minimum contacts that do not offend traditional notions of fair play and substantial justice and the suit arises out of or is related to the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A federal court must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant: (1) the forum state's long arm statute must

confer personal jurisdiction; and (2) the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). "As the Texas long-arm statute extends to the limits of federal due process, these two steps conflate." *Latshaw v. Johnston*, 167 F.3d 208, 211 (1999).

The Fifth Circuit has concluded that personal jurisdiction is determined on an individual and claim-by-claim basis and has established a three-step analysis for determining whether specific jurisdiction exists: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Evergreen*, 68 F. Supp. at 675 (cleaned up).

### a. *Benthic Ltd. does not have minimum contacts with the forum; therefore, Hornbeck's causes of action do not arise out of forum related contacts.*

"The 'constitutional touchstone' of the inquiry to determine if personal jurisdiction can be exercised is whether the defendant 'purposefully established minimum contacts in the forum State.'" *Seiferth*, 472 F.3d at 271 (quoting *Asahi Metal Ind. Co. v. Super. Ct.*, 480 U.S. 102, 108–09 (1987)). "The defendant must not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated

contacts or of the unilateral activity of another party or third party." *Evergreen*, 68 F. Supp. at 675.

Minimum contacts are not established by the defendant when the defendant's obligations will not be performed in Texas, the contract does not require performance in Texas, and the contract is centered outside of Texas. *See, e.g.*, *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). "It is black letter law that communications between parties during contract negotiations, by themselves, are insufficient to support personal jurisdiction." *Evergreen*, 68 F. Supp. at 676 (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)). Further, communication in the "course of developing and carrying out a contract . . . does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Evergreen*, 68 F. Supp. at 676 (quoting *Moncrief*, 481 F.3d at 312).

In *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986), the Fifth Circuit held that the Court could not exercise specific jurisdiction, even when the defendant: (1) entered into a contract with plaintiff, a Texas corporation; (2) sent a final, revised joint operating agreement from Oklahoma to Texas; (3) sent checks from Oklahoma to Texas in partial performance of the contract negotiations; and (4) engaged in extensive telephonic and written communication between Oklahoma and

Texas. The Fifth Circuit held that these "limited contacts were insufficient to support an exercise of specific jurisdiction." *Id.* at 778.

Hornbeck asserts claims for breach of contract, bad faith breach of contract, detrimental reliance, and unjust enrichment. All four counts are based on the contract negotiations between Hornbeck and on behalf of Benthic Ltd. Hornbeck's Complaint asserts that this Court has personal jurisdiction over Benthic Ltd. because Benthic Ltd. negotiated the relevant contract with Hornbeck through individuals working out of Houston, Texas. It is undisputed that Justin Carpenter negotiated with Hornbeck on behalf of Benthic Ltd. from Houston, Texas. However, the mere contact of exchanging communications from the forum does not constitute purposeful availment and is insufficient to establish specific jurisdiction. *See Evergreen*, 68 F. Supp. at 676 (quoting *Moncrief*, 481 F.3d at 312).

Further, had a contract been formed, the terms of the draft charter party stated that the vessel would be delivered to Benthic Ltd. at Hornbeck's facility in Port Fourchon, Louisiana, and the performance of the contract would take place off the coast of Guyana, South America. Thus, the substance of the contract further removes the formation and performance away from the jurisdiction of this Court. Moreover, the draft charter states that Benthic Ltd. would be the entity chartering the vessel and identifies Benthic Ltd.'s correct business address in Norwich, England. The parties, and in particular, Benthic Ltd., have limited contacts with

-11-

Texas relevant to the purported contract and thus are insufficient to establish jurisdiction. *See Holt*, 801 F.2d at 778.

Hornbeck asserts that this court has jurisdiction in paragraph two of the Complaint and states that "amendments agreed by the parties, contain[] a valid and enforceable choice-of-forum clause that chooses this District: 'Any dispute arising out of or in connection with this Charter party shall be litigated in the United States District Court for the Southern District of Texas (Houston Division).'" Dkt. No. 1, at ¶ 2. This forum and jurisdiction assumption goes to the heart and merits of the case because it alleges that a contract was formed with agreed-to amendments. However, a contract had not been formed and all of the terms were not finalized. Additionally, Justin Carpenter's position as Sales & BD Director did not provide him the authority or capacity to have agreed to the final terms of the contract.

A substantial body of case law establishes that where a nonresident enters into a contract with a known resident of a forum state, that contact is insufficient to subject the nonresident to the forum's jurisdiction. *See, e.g.*, *Holt*, 801 F.2d at 778. Here, neither party is or was a resident of Texas, which is recognized in the Complaint. Dkt. No. 1 at ¶ 4–5. *A fortiori*, a contract involving two non-residents is insufficient to establish the minimum contacts required for this Court to exercise personal jurisdiction over Benthic Ltd. Therefore, the communications of the contract negotiation that occurred on Benthic Ltd.'s behalf from Houston, Texas are

insufficient contacts to support the exercise of specific jurisdiction, which is further compounded by the location of contract performance, the location of vessel delivery, and the fact that neither party is a resident in this jurisdiction.

### b. *The exercise of personal jurisdiction over Benthic Ltd. offends traditional notions of fair play and substantial justice.*

It is inconsistent with the traditional notions of fair play and substantial justice for Benthic Ltd. to be haled into a Texas Court for the resolution of a breach of contract claim that does not involve any parties that are residents of Texas and the performance of the purported contract would not have occurred in Texas. The exercise of personal jurisdiction is unfair or unreasonable based on five factors: "(1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Nuovo Pignone, SpA v. M/V STORMAN ASIA*, 310 F.3d 374, 378 (5th Cir. 2002).

It would place a great burden on Benthic Ltd. to litigate its obligations in Texas since Benthic Ltd. was not conducting business in Texas and the negotiations regarding the contract are not enough to establish minimum contacts for the Court to exercise jurisdiction pursuant to the Due Process clause. Moreover, the potential contract did not involve Texas, as delivery of the vessel would have occurred in

Louisiana and performance would have occurred off the coast off Guyana, South America.

Hornbeck's alleged causes of action arise solely from contract negotiations on behalf of Benthic Ltd. Texas has no interest in interpreting a contract that, if actually formed (which is denied), would have been between parties that are not Texas residents. It is not as though Texas needs to protect the interest of a Texas resident because none of the parties is incorporated or has a principal place of business in Texas. Likewise, Hornbeck does not have any particular interest in seeking relief in a Texas forum because it is a Delaware limited liability company with its principal place of business in Covington, Louisiana, and it could just as easily seek relief in one of those jurisdictions or in the United Kingdom, where Benthic Ltd. is located. Under the circumstances of this case, Texas does not have an interest in the application of its own laws or the protection of its consumers.

Lastly, it is not consistent with fundamental social policies for Benthic Ltd. to be haled into a Texas court as the result of contract negotiations for a time charter where the vessel was to be delivered in Louisiana and operated off the coast of Guyana. Since Benthic Ltd. is a foreign company organized in England & Wales, the application of English law may be more appropriate. England has an equivalent procedural and substantive interest in this case and whether Texas asserts

jurisdiction over Benthic Ltd., an alien defendant to this forum but a subject of the United Kingdom.

This Court, within the jurisdiction of Texas, should not exercise personal jurisdiction over Benthic Ltd. because the facts giving rise to Hornbeck's allegations do not establish minimum contacts for the Court to exercise personal jurisdiction over Benthic Ltd. and because doing so would offend traditional notions of fair play and substantial justice since the dispute is between parties that are not Texas residents over a purported agreement requiring performance outside of Texas.

## IV.   CONCLUSION & PRAYER

Hornbeck has yet to properly effect service. Accordingly, Benthic Ltd. requests that Hornbeck's Complaint be dismissed for insufficient process and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5). Consistent with the Due Process Clause of the Fourteenth Amendment and to not offend the traditional notions of fair play and substantial justice, Hornbeck's claims should also be dismissed for lack of personal jurisdiction. Therefore, Benthic Ltd. respectfully prays that Plaintiff's Complaint be dismissed and for such other relief to which Benthic Ltd. shows itself justly entitled at law or in equity.

                                        Respectfully submitted,

                                        /s/*Michael A. Golemi*
                                        Michael A. Golemi
                                        Attorney in Charge
                                        State Bar No. 24047536
                                        Fed. ID No. 559843
                                        LISKOW & LEWIS APLC
                                        1001 Fannin Street, Suite 1800
                                        Houston, Texas 77002
                                        Telephone: (713) 651-2900
                                        Facsimile: (713) 651-2908
                                        E-mail: magolemi@liskow.com
                                        *Attorney for Benthic Ltd.*

**OF COUNSEL:**

**LISKOW & LEWIS**
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
Elizabeth A. Strunk
Washington Bar No. 57894
Fed ID No. 3865286
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: jspatzwall@liskow.com
E-mail: eastrunk@liskow.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail by the Clerk of the Court via the CM/ECF system this 6th day of March, 2024.

>   */s/Michael A. Golemi*
>   Michael A. Golemi