# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **HORNBECK OFFSHORE OPERATORS, LLC,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **Case No. 4:24-CV-00056** |
| **BENTHIC LTD., A WHOLLY OWNED SUBSIDIARY OF ACTEON GROUP LIMITED** | § § § § | **IN ADMIRALTY** |
| *Defendant.* | § § § | |

## DEFENDANT BENTHIC LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Benthic Ltd., hereby files this Reply in Support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). Benthic Ltd.'s Motion to Dismiss requested that the Court dismiss Plaintiff Hornbeck Offshore Operators, LLC's ("Hornbeck") Complaint[1] for insufficient process, insufficient service of process, and lack of personal jurisdiction. In its Response, Hornbeck requests to conduct limited jurisdictional discovery. Dkt. No. 19. The

---

[1] Hornbeck has since filed an Amended Complaint (Rec. Doc. 18), which does not materially change the allegations with respect to Benthic Ltd. Therefore, Benthic Ltd. respectfully requests that this Court consider ruling on Benthic Ltd.'s Motion to Dismiss with regard to Hornbeck's Complaint, as amended, so that Benthic Ltd. will not be forced to refile its Motion with respect to the Amended Complaint. This also serves judicial efficiency.

Court should not grant limited discovery because Hornbeck has failed to show how discovery would produce any new facts pertaining to the Court's exercise of specific personal jurisdiction and is directed towards litigating the merits of this controversy prematurely. Lastly, the Court should deny Hornbeck's request to transfer the case to the Eastern District of Louisiana because transfer would not cure personal jurisdiction with respect to Benthic Ltd. and would destroy personal jurisdiction as to the newly added Benthic USA, LLC. In addition, the Eastern District of Louisiana is not a more convenient forum or appropriate venue.

**A. Hornbeck Has Yet to Properly Effect Service of Process on Benthic Ltd.**

Hornbeck failed to properly name Benthic Ltd. and its registered agent on the summons and failed to properly serve Benthic Ltd. Accordingly, Benthic Ltd. requested that Hornbeck's Complaint be dismissed for insufficient process and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5).

In its Response, Hornbeck asserts that because service is being made in a foreign country Hornbeck has not exhausted its time to complete process asserting that the time limit for service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is not applicable. There is, however, a requirement for the plaintiff to be diligent, and the court should assess "the reasonableness of the plaintiff's efforts and the prejudice to the defendant from any delay." *In re Veon Ltd.*, No. 15-cv-08672,

2018 WL 4168958, at *8 (S.D.N.Y. Aug. 30, 2018) (quoting *In re Bozal S.A.*, No. 16-V-3739, 2017 WL 3175606, at 2 (S.D.N.Y. July 25, 2017)).  Hornbeck professes it has taken actions to remedy both deficiencies by initiating service on Benthic Ltd. at its principal place of business in the United Kingdom under the Hague Convention.  Dkt. No. 14.  However, Hornbeck waited nearly a month after Benthic Ltd. filed its Motion to Dismiss raising these issues to take any action because the corrected summons was not issued until April 3, 2024.

Accordingly, Benthic Ltd. maintains its defense that the summons and service of process on Benthic, Ltd. were deficient.  Benthic Ltd. respectfully requests that this Court find Hornbeck's initial summons deficient and initial attempt at serving Benthic Ltd. improper.  At the time of this filing, Hornbeck has yet to properly effect service on Benthic Ltd.  So as to the second summons, Benthic Ltd. reserves its defenses pursuant to Rule 12, including any defenses for improper summons and improper service of process.

## B. This Court Lacks Specific Personal Jurisdiction Over Benthic Ltd.

Plaintiff has the burden to demonstrate that the Court has personal jurisdiction over Benthic Ltd., and Plaintiff has failed to sufficiently carry that burden.  *See Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 671 (S.D. Tex 2014) (citing *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)).

### 1. Benthic Ltd. does not have minimum contacts with the forum.

Benthic Ltd. has not purposefully availed itself to the forum establishing minimum contacts that would allow this Court to exercise personal jurisdiction. The sole contact with this forum is the presence of Benthic Ltd.'s purported agent in the forum when Hornbeck and Benthic Ltd. engaged in contract negotiations. However, Carpenter's communications with Hornbeck are insufficient to support personal jurisdiction. *See Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).

"It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Here, Benthic Ltd.'s contact is random and attenuated. Justin Carpenter negotiated the terms of the purported contract from Houston, Texas on behalf of Benthic Ltd., but Carpenter could have negotiated from any jurisdiction. Neither Carpenter's role in the negotiations nor the purported contract negotiated between the parties are in any way related to Texas. Benthic Ltd. did not purposefully avail itself of this forum; it was fortuitous that Carpenter happened to be located in Houston, Texas when he

was negotiating the terms of the purported contract for which performance would not have occurred in Texas with Hornbeck, a non-resident.

Hornbeck asserts that the forum selection clause in the draft contracts exchanged between the parties controls the question of personal jurisdiction. This argument, however, goes to the merits of the case. The core contention of this case is whether a contract was formed between the parties. Benthic Ltd.'s position is that a contract was never formed. Hornbeck cannot base its assertion of personal jurisdiction on a forum selection clause contemplated during contract negotiations. *See Langley v. Prudential Mortg. Cap. Co., LLC*, 546 F.3d 365, 367 (6th Cir. 2008 (holding that a valid enforceable contract is a prerequisite to enforcement of a forum selection clause); *see also Inter. Specialty Servs. Inc. v. Willis Ins. Servs.*, 515 F. Supp. 3d 374, 378 (D.S.C. 2021).

Further, Hornbeck's contention that the forum selection clause from a prior contract between the parties, for which Hornbeck failed to submit any proof, would be considered when analyzing Benthic Ltd.'s contacts with the forum for *this case* is inapposite. The analysis of forum contacts is limited to those related to the specific matters before the Court in the present lawsuit because they concern the exercise of specific jurisdiction not general jurisdiction. The Fifth Circuit has held that specific jurisdiction is a claim specific inquiry and "a defendant's general connections with the forum are not enough." *See, e.g.*, *McFadin v. Gerber*, 587 F.3d 753, 759 (5th

Cir. 2009); quoting *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017). "Whether specific jurisdiction can be properly asserted over a non-resident defendant is dependent on 'the relationship among the defendant, the forum, and *the litigation*.'" *Garcia Hamilton & Assocs., L.P. v. RBC Cap. Markets, LLC*, 466 F. Supp. 3d 692, 701 (S.D. Tex. 2020) (emphasis in original) (quoting *Zoch v. Magna Seating GmbH*, 810 Fed. Appx. 285, 288 (5th Cir. 2020)). Here, the only semblance of contact between Benthic Ltd., this forum, and the purported contract is the fortuitous location from which Carpenter was negotiating.

In short, where the only contact with the forum state is the mere negotiations of a purported contract—the parties are not residents of the forum state and performance of the purported contract would not have taken place in the forum state—the contacts are insufficient for the Court to exercise personal jurisdiction.

## 2. The exercise of personal jurisdiction over Benthic Ltd. offends traditional notions of fair play and substantial justice.

It is inconsistent with the traditional notions of fair play and substantial justice for Benthic Ltd. to be haled into a Texas court for a breach of contract claim that is not between any parties that are residents of Texas, and the performance of the purported contract would not have occurred in or involved Texas or Texas law.

Hornbeck mischaracterizes Benthic Ltd.'s contention with regard to Plaintiff's interest in this matter being litigated in Texas. Hornbeck states that Benthic Ltd. suggested Louisiana as a more appropriate forum (or that federal courts

in Louisiana would have jurisdiction over Benthic Ltd.). Hornbeck takes Benthic Ltd.'s argument out of context. Hornbeck is at home in Louisiana; it has no significant interest in litigating this matter in Texas. Benthic Ltd. implied Hornbeck's home state, Louisiana, only with respect to Hornbeck's lack of interest in litigating this matter in Texas. Benthic Ltd. does not contend it would be subject to personal jurisdiction in the federal courts in Louisiana. Benthic Ltd. is a UK company located in Norwich, England, which is the jurisdiction where suit may be brought against it.

In addition, the claims Hornbeck asserts are based on a purported charter party agreement for the lease of a vessel—a maritime contract. *See Norfolk S. Railway Co. v. Kirby*, 543 U.S. 14, 22 (2004). Texas has no interest in interpreting a contract that, if actually formed (which Benthic Ltd. denies), would not have been between Texas residents, would not be performed in Texas, and would not apply Texas law. *See id.*

Furthermore, Hornbeck recognizes that it is a non-resident seeking to hale another non-resident (Benthic Ltd.) into Texas. Texas has no interest in adjudicating a dispute between two foreign entities with regard to a purported contract that if formed would have no touching point with Texas. Furthermore, it is not as though Texas needs to protect the interest of a Texas resident because none of the parties is incorporated or has a principal place of business in Texas. *See Burger King Corp.*

*v. Rudzewicz*, 471 U.S. 462, 472–72 (1985) (holding that a court exercises jurisdiction to hold a defendant accountable for conduct that causes injury to the state or its residents); *see also Getagadget, L.L.C. v. Jet Creations Incorp.*, No. 19-51019, 2022 WL 964204, at *4 (5th Cir. March 30, 2022). Instead, it would place a great burden on Benthic Ltd. to litigate its obligations in Texas since Benthic Ltd. was not conducting business in Texas and is a UK company. The fairness factors militate in favor of Benthic Ltd.

## C. Hornbeck's Request for Limited Discovery is an Attempt to Litigate the Merits of its Case.

Hornbeck requests the Court to grant limited discovery, namely depositions of witnesses as well as written discovery. This request should be denied because Hornbeck is seeking to litigate the merits of the case and has failed to show that it would gain any additional, relevant evidence that would inform the exercise of the Court's personal jurisdiction over Benthic Ltd.

A plaintiff requesting discovery on matters of personal jurisdiction "is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Evergreen Medial Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 672 (S.D. Tex. 2014). A Court should not permit jurisdictional discovery for a plaintiff to conduct a fishing expedition or when the plaintiff raises only "bare allegations" to dispute a defendant's affidavit denying jurisdictional acts or contacts. *Sportrust Assocs. Int'l,*

-8-

Case 4:24-cv-00056    Document 20    Filed 04/10/24 in TXSD    Page 9 of 14

*Inc. v. Sports Corp.*, 304 F. Supp. 2d 789, 794 (E.D. Va. 2004) (citing *McLaughlin v. McPhail*, 707 F.2d 800, 807 (4th Cir. 1983)); *see Hernanadez v. Mimi's Rock Corp.*, 632 F. Supp. 3d 1052, 1062 (N.D. Cal. 2022).

Hornbeck's request falls short because it does not specify the facts it expects to obtain and how the information would support personal jurisdiction.   All Hornbeck is seeking is discovery into the merits of the case.  Hornbeck is already privy to the facts it raises as relevant to determining personal jurisdiction:  Hornbeck argues that Justin Carpenter negotiated with Hornbeck on behalf of Benthic Ltd. from Houston, Texas.  Hornbeck fails to state any new information relevant for the question of personal jurisdiction that it would be seeking through the deposition of Carpenter.  Jason Mayberry, one of the witnesses Hornbeck suggests it would like to depose, is associate general counsel for Acteon and was not involved in the relevant contract negotiations.  *See* Declaration of Jason Mayberry at ¶1–2.  His testimony would only relate to the legal analysis of the claims at issue in this case, i.e., the merits of the case, and would largely, if not entirely, be subject to privilege. *See id.*  Hornbeck fails to explain its basis for requesting jurisdictional discovery or what information it hopes to obtain relevant to the Court's potential exercise of personal jurisdiction over Benthic Ltd.

Therefore, Hornbeck's request to conduct limited discovery is aimed at the underlying facts that go to the merits of this case and controversy—not the facts

relevant to determine whether this Court can exercise personal jurisdiction over Benthic Ltd.—which Hornbeck already has. Hornbeck's request should be denied.

**D. Transfer of this Case to the Eastern District of Louisiana is Improper.**

Hornbeck's request for the Court to transfer this case to the Eastern District of Louisiana is improper because Benthic Ltd. is not subject to personal jurisdiction in the Eastern District of Louisiana. Additionally, Hornbeck's Amended Complaint added Benthic USA, LLC ("Benthic USA") as a defendant. The Eastern District of Louisiana cannot exercise personal jurisdiction over the newly added defendant, Benthic USA, and so, transfer would undermine the addition of Benthic USA to this case.

Hornbeck claims that Benthic Ltd. conceded to personal jurisdiction in the Eastern District of Louisiana, but Hornbeck incorrectly interpreted Benthic Ltd.'s assertion by plucking language from Benthic Ltd.'s fair play and substantial justice analysis as to plaintiff's interest in obtaining relief in the Southern District of Texas. Benthic Ltd. simply stated that Hornbeck does not have an interest in seeking relief in this Court's jurisdiction because Hornbeck's place of incorporation and principal place of business are also not in Texas. Benthic Ltd. objects to the assertions that it would be subject to personal jurisdiction in the Eastern District of Louisiana.

Further, Hornbeck's request to transfer the case undermines its Amended Complaint adding Benthic USA to the case. According to the Texas Secretary of

State, Benthic USA is incorporated in Delaware with its principal place of business in Houston, Texas.  In its request for transfer, Hornbeck has failed to show how Benthic USA would be subject to personal jurisdiction in Louisiana or how transfer would benefit it.  Benthic USA is a Texas-based company incorporated in Delaware; Hornbeck fails to state any reasoning as to why Benthic USA would be subject to personal jurisdiction in Louisiana.

Hornbeck is seeking transfer of this case to Louisiana where neither defendant would be subject to personal jurisdiction.  At best, Hornbeck's request would lead to bifurcation of the lawsuit.  Transfer is not in the interest of judicial economy and does not cure personal jurisdiction for either defendant.  Moreover, Benthic Ltd. has no ties to Louisiana that would make it a more convenient forum.  Hornbeck's request is entirely without merit, belied by its own pleadings, and should be denied.

For the reasons explained above and in its Motion to Dismiss, Benthic Ltd. prays that its Motion to Dismiss be granted and that Hornbeck's claims against it, re-asserted in Hornbeck's Amended Complaint, be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) and (5), and for such other relief to which Benthic Ltd. is justly entitled at law or in equity.

Respectfully submitted,

/s/ *Michael A. Golemi*
Michael A. Golemi
Attorney in Charge
State Bar No. 24047536
Fed. ID No. 559843
LISKOW & LEWIS APLC
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: magolemi@liskow.com
*Attorney for Benthic Ltd.*

**OF COUNSEL:**

**LISKOW & LEWIS**
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
Elizabeth A. Strunk
Washington Bar No. 57894
Fed ID No. 3865286
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: jspatzwall@liskow.com
E-mail: eastrunk@liskow.com

## <u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail by the Clerk of the Court via the CM/ECF system this 10th day of April, 2024.

*/s/Michael A. Golemi*
Michael A. Golemi

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **HORNBECK OFFSHORE OPERATORS, LLC,** | § § § | |
| *Plaintiff,* | § § | **Case No. 4:24-CV-00056** |
| v. | § § | |
| **BENTHIC LTD., A WHOLLY OWNED SUBSIDIARY OF ACTEON GROUP LIMITED** | § § § § | **IN ADMIRALTY** |
| *Defendants.* | § § | |

## <u>DECLARATION OF JASON MAYBERRY</u>

Pursuant to United States Code 28 U.S.C. § 1746, I, Jason Mayberry, do hereby declare under penalty of perjury that the following information is based on my personal knowledge and my review of relevant documents and is true and correct to the best of my knowledge and belief:

1. I am the Group Legal Counsel for Acteon.

2. In the course of my duties as Group Legal Counsel for Acteon, I was not involved in the contract negotiations relevant to this case. The only knowledge I have relevant to this case is regarding its litigation, which is subject to attorney-client privilege.

Executed on the 10th day of April, 2024.

Jason Mayberry